<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u>

| | |
|---|---|
| **DAMARIS PAGAN** : | **CASE ACTION NO.** |
| : | |
| **VS.** : | |
| : | **3:20-CV-00530 (JHC)** |
| **PLASMA TECHNOLOGY** : | |
| **INCORPORATED and EMPLOYMENT** : | |
| **SOLUTIONS OF NEW YORK, INC.D/B/A:** | |
| **TARGET TEMPS** : | **APRIL 22, 2020** |

## <u>AMENDED COMPLAINT</u>

1. Plaintiff, Damaris Pagan, was at all times set forth herein, and remains, a resident of the City of Hartford in the State of Connecticut.

2. The Defendant, Plasma Technology Incorporated (herein after "Plasma"), is a foreign corporation organized and existing under the laws of the State of California with a business address of 70 Rye Street, South Windsor, CT 06074.

3. The Defendant, Employment Solutions of New York, Inc. d/b/a Target Temps (herein after "Target"), is a corporation with a business address of 111 N. Main Street, Elmira, NY 14901.

4. Plaintiff filed complaints with the Commission on Human Rights and Opportunities on or about September 25, 2019. Plaintiff received a Release of Jurisdiction dated March 4, 2020 and April 22, 2020. This complaint is brought within ninety (90) days of the Release of Jurisdiction letters, which are attached hereto as **Exhibit A.**

5. Plaintiff was placed to work for the Plasma through the employment agency Target on or about April 29, 2019.

6. Plaintiff worked at the Defendant Plasma's warehouse in South Windsor, CT.

7. Plaintiff is female.

8. During Plaintiff's employment, she reported to Patrick (PJ) [last name unknown], a Plasma employee.

9. During Plaintiff's employment, Karin [last name unknown], a Target employee, was generally Plaintiff's contact for job assignments

10. Plaintiff worked in the blast department with up to 10 other employees.

11. In the blast department the employees work in close proximity to each other.

12. During Plaintiff's employment with Target at the Plasma location Plaintiff was subjected to ongoing sexual harassment and gender discrimination.

13. From the first day Plaintiff started working at the Plasma facility a male co-worker, Ron [last name unknown] began harassing the Plaintiff and finding ways to touch Plaintiff's body and rubbing against her.

14. On or about May of 2019, Plaintiff reported Ron's conduct to PJ and explained how it made her feel uncomfortable.

15. The Defendant Plasma held a generalized meeting with the employees about respecting each other's space but nothing was specifically done to stop Ron's harassment.

16. Other male employees of the Plasma would also make unwelcomed comments to the Plaintiff including;

   a. I am your husband
   b. This is my wife
   c. This is my girlfriend
   d. Call her Angel
   e. People say I want to fuck you

17. The male employees of Plasma would look Plaintiff up and down in a sexual manner.

18. One of Plaintiff's male co-workers Mike [last name unknown], who was referred to as Big Mike made a comment to Plaintiff that he thought she was a whore too like the other females who worked there.

19. Big Mike told Plaintiff he wanted to pay her for sex and asked how much she charged for the weekend.

20. Plaintiff continued to raise complaints to PJ about the harassment she was receiving in the workplace and he would move her around to different locations in the warehouse.

21. Plaintiff asked PJ to try working with the Semi Auto Robot and his response was "no, this is for a man not a job for a woman."

22. PJ took Plaintiff off of other machines after she Complained and stated that "it was not a woman's job."

23. Another male co-worker, Gavin [last name unknown], commented to Plaintiff;

   a. I need a bitch like you

   b. I am looking for a bad bitch to fuck

24. Other male employees would make comments about Plaintiff sucking dick in the back if she didn't wear lipstick that day.

25. On or about July 23, 2019, Plaintiff again raised a complaint about the harassing comments being made to her to PJ and informed him that this was making her very uncomfortable.

26. Plaintiff also informed Karin [last name unknown] from Target about the ongoing harassment that was going on.

27. About a week later on July 30, 2019, Karin from Target called Plaintiff and informed her that the Plasma released her and does not want her working there any more, no reason was given.

28. Plaintiff's employment was terminated on July 30, 2019.

29. The Defendant Target has not offered Plaintiff any subsequent job assignments since her complaint of sexual harassment and gender discrimination.

30. Any and all reasons for termination provided by the Respondents are pretext to mask unlawful discrimination and retaliation.

**COUNT ONE:**  Sexual Harassment / Hostile Work Environment in violation of Conn. Gen. Stat. 46a-60(b)(8) – (Pagan v. Plasma Technology Incorporated)

1. The Plaintiff repeats and re-alleges paragraphs 1 through 30 above, and incorporates them as paragraphs 1 through 30 of this First Count as if fully stated herein.

31. The defendant, through its agents, servants, and or employees, subjected the Plaintiff to repeated, pervasive, offensive, and embarrassing sexual comments, harassment, and unwanted sexual conversations, as set forth above, all of which had the effect of creating an intimidating, hostile, and offensive working environment.

32. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered, and will continue to suffer, lost wages, as well as other consequential losses and damages.

33. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

34. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has expended, or will expend in the future, attorney's fees and costs

**COUNT TWO:**  Gender Discrimination in violation of Conn. Gen. Stat. 46a-60(b)(1) – (Pagan v. Plasma Technology Incorporated)

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 30 of above, as Paragraphs 1 through 30 of this Second Count, as if fully set forth herein.

31. The Defendant terminated the Plaintiff's employment and discriminated against the Plaintiff in the terms, conditions and/or privileges of her employment on the basis of her sex/gender.

32. The foregoing conduct of the Defendant constitutes unlawful discrimination and termination of employment in violation of the Connecticut Fair Employment Practices Act.

33. As a result of the foregoing unlawful conduct of the Defendant, Plaintiff has suffered, and will continue to suffer, lost wages and fringe benefits, as well as other consequential losses and damages.

34. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has expended attorney's fees and costs in order to secure the right to which she is entitled.

35. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT THREE:** Retaliation in violation of Conn. Gen. Stat. 46a-60(b)(4) – (Pagan v. Plasma Technology Incorporated)

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 30 of above, as Paragraphs 1 through 30 of this Third Count, as if fully set forth herein.

31. The Defendant, through its agents, servants, and/or employees, retaliated against the Plaintiff for engaging a protected employment activity.

32. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered, and will continue to suffer, lost wages and fringe benefits, as well as other consequential losses and damages.

33. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has expended attorney's fees and costs in order to secure the right to which she is entitled.

34. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT FOUR:** Retaliation in violation of Conn. Gen. Stat. 46a-60(b)(4) – (Pagan v. Employment Solutions of New York, Inc. d/b/a Target Temps)

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 30 of above, as Paragraphs 1 through 30 of this Third Count, as if fully set forth herein.

31. The Defendant, through its agents, servants, and/or employees, retaliated against the Plaintiff for engaging a protected employment activity.

32. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered, and will continue to suffer, lost wages and fringe benefits, as well as other consequential losses and damages.

33. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has expended attorney's fees and costs in order to secure the right to which she is entitled.

34. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**WHEREFORE,** the Plaintiff prays for the following relief:

1. Money damages;

2. Damages for emotional distress;

3. Compensatory damages;

4. Attorney's fees; and

6. Such other relief as the court deems just and appropriate.

>   THE PLAINTIFF,
>   DAMARIS PAGAN
>
>   By: *//s// Megan L. Michaud*
>   Megan L Michaud, Esq. (ct28813)
>   Cicchiello & Cicchiello, LLP
>   364 Franklin Avenue
>   Hartford, CT 06114
>   Firm Juris #: 419987
>   Tel: (860) 296-3457
>   Fax: (860) 296-0676
>   mmichaud@cicchielloesq.com

# EXHIBIT A

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Damaris Pagan
**COMPLAINANT**                                            CHRO No.    2010163

vs.                                                        EEOC No.    16A201901869

Plasma Technology, Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** 3/4/2020

_____
Tanya A. Hughes, Executive Director

**Service:**
Complainant: MMichaud@cicchielloesq.com
Respondent: jbechtel@stangerlaw.com

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>Damaris Pagan</u>
**COMPLAINANT**                                                  CHRO No. 2010164

vs.                                                                              EEOC No. 16A-2019-01870

<u>Target Temps Inc.</u>
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

DATE: 4/22/20

*Tanya A. Hughes*

Tanya A. Hughes, Executive Director

**Service:**
Complainant's counsel:
manny@cicchielloesq.com
Respondent's counsel:
victoria.chavey@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Megan L. Michaud*
Megan L. Michaud (ct28813)